T.C. Summary Opinion 2009-199

UNITED STATES TAX COURT

AISTE K. GUDEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29911-08S.                    Filed December 29, 2009.

Aiste K. Guden, pro se.

Mark S. Schwarz, for respondent.

GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

    [1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986 as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent notified petitioner of the intent to file notices of Federal tax lien and to proceed by levy with collection of petitioner's 2004 and 2005 income tax liabilities. Petitioner sought administrative review and subsequently petitioned this Court for relief from respondent's determination to proceed with collection. After this case had been calendared for trial at the October 26, 2009, Las Vegas, Nevada, trial session of this Court respondent filed a motion for summary judgment, which was calendared for a hearing at the trial session. Petitioner did not respond to respondent's motion or appear at the scheduled hearing. The question we consider is whether there was an abuse of discretion in respondent's determination to proceed with collection activity.

## Background

Respondent sent petitioner, for her 2004 and 2005 tax years, a notice of intent to levy and a notice of Federal tax lien on February 25 and April 4, 2008, respectively. Petitioner sought a hearing with respect to both notices, and a single hearing was scheduled for both. Respondent issued one determination approving the filing of the notices and decision to proceed with collection and petitioner timely petitioned this Court to commence this collection proceeding (collection case).

For 2004 and 2005 petitioner filed Federal income tax returns reflecting a self-assessed and unpaid tax liability for each year. Respondent audited both returns and on August 11, 2008, issued notices of deficiency in income tax from which petitioner filed one single petition to commence a deficiency proceeding in this Court, which has been designated docket No. 29843-08S (deficiency case).[2] The collection and deficiency cases were placed on this Court's October 26, 2009, trial session at Las Vegas, Nevada. Petitioner failed to appear at the trial session, and respondent filed a motion to dismiss for lack of prosecution in the deficiency case. Subsequently, on November 12, 2009, the Court granted respondent's motion in the deficiency case and entered an order of dismissal and decision with respect to the income tax deficiencies for 2004 and 2005.

In seeking an administrative hearing regarding collection, petitioner explained that her reason was that she "disputes the underlying liability * * * [and that she] cannot afford to pay the liability and wishes it to be shown as currently not collectible." Petitioner was contacted by the Appeals Office during May and June 2008 regarding her request for a hearing. On July 1, 2008, the settlement officer sent petitioner a letter

---

[2]As explained later, petitioner filed for bankruptcy during July 2008. It is noted that the issuance of the notices of deficiency was not affected by the bankruptcy proceeding. Petitioner's time to file a petition, however, was suspended by sec. 6213(f) and 11 U.S.C. sec. 362(a)(8) (2006).

setting July 31, 2008, for a face-to-face hearing and requested that petitioner complete and submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to assist in the hearing process.  On July 1, 2008, petitioner filed for chapter 13 bankruptcy protection in the U.S. District Court for the District of Nevada, and the administrative collection process and the hearing were suspended during the pendency of the bankruptcy proceeding.  Petitioner's bankruptcy case was dismissed on September 22, 2008, no discharge was issued, and petitioner's 2004 and 2005 self-assessed tax liabilities remained outstanding and unsatisfied.

On September 26, 2008, respondent proposed an October 29, 2008, hearing date.  Petitioner's representative advised respondent on October 28, 2008, that he no longer represented her and that he would advise petitioner of the hearing date. Petitioner did not appear for the October 29, 2008, hearing.  On October 29, 2008, petitioner was sent notification of a new hearing date, November 13, 2008, but petitioner did not appear for that scheduled hearing.  The settlement officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 on November 26, 2008, from which petitioner sought review by this Court.

## Discussion

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials in his pleadings. Rule 121(d). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). There is no dispute about the facts in this case, and it is ripe for resolution, as a matter of law, by means of summary judgment.

Petitioner filed returns for 2004 and 2005 and reported income tax due but did not pay it. Following an audit examination respondent issued notices of deficiency for the same tax years, and petitioner petitioned this Court with respect to those determinations. Petitioner had the opportunity to question the underlying merits of respondent's deficiency determinations but failed to come forward, and a decision was entered in the deficiency case with respect to the income tax as determined in respondent's notices of deficiency.

The summary judgment motion we consider concerns respondent's collection activity for the self-assessed tax liabilities. Regarding the self-assessed and unpaid tax liabilities for 2004 and 2005, petitioner raised the underlying merits of those assessments and explained that she could not pay the tax liabilities (apparently, she was seeking collection alternatives). Petitioner was afforded two separate opportunities for a face-to-face meeting regarding respondent's proposed collection activity. She did not attend either scheduled meeting, nor did she submit the requested Form 433-A so that the settlement officer could consider collection alternatives. Petitioner's failure to come forward and/or to raise the question of the underlying merits of her self-assessed tax liabilities is of her own doing and is not an abuse of discretion on respondent's part. See Giamelli v. Commissioner, 129 T.C. 107 (2007). Accordingly, and because petitioner had opportunities to question the merits of the underlying liabilities and did not, we consider respondent's actions under an abuse of discretion standard. See sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176 (2000).

In general, petitioner's failure to come forward and to present her position results in no abuse of discretion by respondent in sustaining the decision to approve the action of filing the notices of lien and to go forward with collection

activity by levy. Respondent also offered petitioner the opportunity to present financial information so that collection alternatives could be considered. Petitioner failed to submit any information. It appears, from the affidavit supplied by respondent and the determination letter, that the settlement officer considered the verification requirements. The settlement officer also considered the issues petitioner raised and whether the proposed collection action balanced the need for efficient collection with any legitimate concerns of petitioner.

Under these circumstances, respondent's motion for summary judgment will be granted, and the determination approving the filing of lien notices and to proceed with collection was not an abuse of discretion. To reflect the foregoing,

An appropriate order and decision will be entered.